http://www.va.gov/vetapp16/Files2/1617287.txt

Citation Nr: 1617287 
Decision Date: 04/29/16 Archive Date: 05/04/16

DOCKET NO. 04-09 678 ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs Regional Office in Detroit, Michigan

THE ISSUE

Entitlement to service connection for a left ankle disability, to include as secondary to service-connected disabilities.

REPRESENTATION

Veteran represented by: Ralph J. Bratch, Attorney

ATTORNEY FOR THE BOARD

Jennifer R. White, Counsel

INTRODUCTION

The Veteran served on active duty from August 1966 to April 1969.

This matter is before the Board of Veterans' Appeals (Board) on appeal of a May 2009 rating decision by the Detroit, Michigan Department of Veterans Affairs (VA) Regional Office (RO).

The Veteran's claim was previously remanded in July 2014. Additional issues on appeal remanded at that time were service connection for arthritis of the left knee and arthritis of the first MTP joint of the left foot; these appeals were granted by an October 2014 rating decision and thus are no longer on appeal.

The appeal is REMANDED to the Agency of Original Jurisdiction (AOJ). VA will notify the Veteran if further action is required.

REMAND

In July 2014, the Board remanded for a VA opinion concerning whether the Veteran's left ankle disability is secondary to or aggravated by his service-connected disabilities. While the September 2014 VA examiner addressed causation, there was no mention of aggravation. Thus, the Board must remand for an addendum. Stegall v. West, 11 Vet. App. 268, 271 (1998).

Accordingly, the case is REMANDED for the following action:

1. Refer the Veteran's claims file to the July 2014 VA examiner for an addendum opinion. (If the examiner is no longer available, forward the claims file to an appropriate VA medical professional). The claims file should be made available to the examiner in conjunction with the examination. All necessary testing should be conducted. If the examiner determines that another in-person examination should be conducted, such should be ordered.

The examiner is asked to provide an opinion as to whether it is at least as likely as not (50 percent probability or more) that the Veteran's current left ankle disability was aggravated by the Veteran's service-connected disabilities. If aggravated, specify the baseline of disability prior to aggravation, and the permanent, measurable increase in disability resulting from the aggravation. 

A complete rationale must be provided for all opinions offered.
 
2. After the development requested is completed, readjudicate the claim. If the benefit sought remains denied, furnish the Veteran and his representative a supplemental statement of the case and a reasonable period to respond, and then return the case to the Board.

The Veteran has the right to submit additional evidence and argument on the matter or matters the Board has remanded. Kutscherousky v. West, 12 Vet. App. 369 (1999).

This claim must be afforded expeditious treatment. The law requires that all claims that are remanded by the Board of Veterans' Appeals or by the United States Court of Appeals for Veterans Claims for additional development or other appropriate 

action must be handled in an expeditious manner. See 38 U.S.C.A. §§ 5109B, 7112 (West 2014).

_________________________________________________
THOMAS J. DANNAHER
Veterans Law Judge, Board of Veterans' Appeals

Under 38 U.S.C.A. § 7252 (West 2014), only a decision of the Board of Veterans' Appeals is appealable to the United States Court of Appeals for Veterans Claims. This remand is in the nature of a preliminary order and does not constitute a decision of the Board on the merits of your appeal. 38 C.F.R. § 20.1100(b) (2015).